UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IRINE LABADZE,<br><br>                            Petitioner,<br><br>v.<br><br>WARDEN OF OTAY MESA<br>DETENTION CENTER,<br><br>                            Respondent. | Case No.: 3:26-cv-00862-CAB-DEB<br><br>**ORDER GRANTING PETITION<br>FOR A WRIT OF HABEAS CORPUS**<br><br>[Doc. No. 1] |

Petitioner Irine Labadze ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] Petitioner claims that Immigration and Customs Enforcement ("ICE") improperly re-detained her on December 19, 2025[1] without notice. [*Id.* at 6.] For the reasons discussed below, the Court **ORDERS** Respondent to immediately release Petitioner from custody under the same conditions which existed immediately prior to her re-detention on December 19, 2025.

---

[1] Respondent states that Petitioner was taken back into custody on December 20, 2025, [Doc. No. 3 at 2], while Petitioner states that she was taken back into custody on December 19, 2025, [Petition at 6, Doc. No. 5 at 2].

## I.     BACKGROUND

Petitioner is a native of Georgia who came to the United States in 2023.  [Doc. No. 3 ("Response") at 2.]  She entered the United States without inspection near Yuma, Arizona and was subsequently apprehended by the U.S. Border Patrol and taken into ICE custody.  [*Id.*]  On April 2, 2024, an Immigration Judge issued an order denying Petitioner's application for asylum and ordering that she be removed from the United States to Georgia, but granted withholding of removal to Georgia pursuant to 8 U.S.C. § 1231(b)(3).  [*Id.*]  The Immigration Judge's order became final on April 2, 2024; Petitioner was released on an order of supervision on April 25, 2024.  [*Id.*]

Petitioner was re-detained at a regular ICE check-in without any notice.  [Petition at 6; Doc. No. 5 at 9.]  ICE does not have a travel document for Petitioner, nor has ICE identified a third country for Petitioner's removal, but asserts that "[s]ince Petitioner's re-detention, ICE has worked expeditiously to effectuate her resettlement in a third country" and "is in the process of identifying countries that may be willing to accept Petitioner for removal." [Response at 5–6.]  Respondent argues that Petitioner is properly detained under 8 U.S.C. § 1231(a).  [*Id.* at 3.]

## II.     LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody.  Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  The petitioner bears the burden of demonstrating that she is in illegal custody.  *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.     DISCUSSION

Respondents argue that the Court lacks jurisdiction over Petitioner's claims under 8 U.S.C. § 1252.  [Response at 3–4.]  The Supreme Court's holding in *Zadvydas* squarely contradicts this argument.  There, the Supreme Court rejected the application of § 1252 to limit judicial review of indefinite post-removal-period detentions under § 1231(a)(6) and

held "that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).  This Court is thus satisfied of its subject matter jurisdiction and proceeds to the merits.

Petitioner argues that she has a protected liberty interest in her prior release, which ICE violated when they re-detained her on December 19, 2025.  [Petition at 6; Doc. No. 5 at 2, 9.]  Respondent argues that Petitioner has been detained for less than six months since her order of removal became final, therefore, her detention is presumptively reasonable under *Zadvydas v. Davis*.  [*See* Response at 4.]

The Due Process Clause of the Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690.  This protection applies to noncitizens as it does to U.S. citizens.  *See Wong Wing v. United States*, 163 U.S. 228, 238 (1896) ("[E]ven aliens shall not . . . be deprived of life, liberty, or property without due process of law.").

"Courts have previously found that individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody[.]" *Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2578207, at *3 (N.D. Cal. Sept. 5, 2025) (listing cases).  Indeed, "the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025) (cleaned up) (internal quotation marks omitted) (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).

In *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149 (S.D. Cal. Oct. 1, 2025), the government violated a noncitizen parolee's Fifth Amendment due process rights when the government revoked his parole by sending a mass electronic notification one morning and arresting him later that day at his immigration hearing. *Id.* at *2, 11.  The

*Noori* court thus held that he had a "protectable expectation of his due process rights in his removal proceedings . . . and was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination." *Id.* at *11.

Here, Petitioner received even less due process than the *Noori* petitioner. Petitioner received no notification or individualized reason as to why her release was being revoked before she was summarily detained on December 19, 2025. Nor has Respondent explained, even after the fact, what circumstances have changed to warrant Petitioner's re-detention or how there is a reasonable likelihood of Petitioner's removal in the reasonably foreseeable future when ICE has not yet even *identified* a third country to which Petitioner may be removed, let alone begun the process to do so. Giving Petitioner a bond hearing now would not remedy the Fifth Amendment violation she has already experienced. Only release from detention can accomplish that now.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the petition for a writ of habeas corpus and **ORDERS** Respondent to immediately release Petitioner from custody under the same conditions which existed immediately prior to Petitioner's detention on December 19, 2025.

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated:  February 25, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge